## ANDERSON v. MUTUAL LIFE INS. CO.

[See Anderson v. St. Louis Mut. Life Ins. Co., Case No. 362.]

---

## Case No. 360.

ANDERSON v. NEW YORK & N. H. R. CO.

[6 Amer. Law Rev. 754.]

Circuit Court, D. Connecticut. 1872.

RAILROAD COMPANIES—TICKET OVER CONNECTING LINE—VALIDITY.

[A railway from B. to W., which, by agreement with a connecting line, sells tickets over its own line with a coupon good for a passage over the connecting line from W. to N., cannot bind the connecting line by selling a similar ticket good for passage in the opposite direction,—from N. to W.]

At law. The plaintiff, who sued for damages for being put off the cars for want of a ticket, claimed to have had a ticket purchased by him in Boston at the regular office in the Boston and Worcester R. R. depot, as a through ticket for New York. It was proved that the Boston and Worcester R. R. Co. were authorized to sell through tickets from Boston to New York, with coupons headed "Boston to New York," the last of which was good for one trip over the defendants' railway; and that a reciprocal arrangement existed by which the defendants sold through tickets at New York for Boston, the coupons being headed "New York to Boston." The plaintiff's ticket was one of the latter description. The court (WOODRUFF, Circuit Judge, and SHIPMAN, District Judge) held that, assuming that the ticket agent at Boston had sold this ticket as a ticket for New York, he so exceeded his authority that the defendants are not bound by his act, and directed a verdict in their favor.